**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN E. SCHIESSL, | No. 12-72909 |
| Petitioner, | BRB No. 11-0671 |
| v. | |
| GEORGIA-PACIFIC CORPORATION; ACE AMERICAN INSURANCE COMPANY, AKA Sedgwick CMS; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, | MEMORANDUM[*] |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted March 6, 2014
Portland, Oregon

Before: GOODWIN, TROTT, and W. FLETCHER, Circuit Judges.

John E. Schiessl petitions for review of the Benefits Review Board's order

affirming the denial of partial permanent disability benefits for Schiessl's hearing

loss. We have jurisdiction under 33 U.S.C. § 921(c), and we deny the petition.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

To rebut the presumption that Schiessl's hearing loss was compensable, Georgia-Pacific Corp. was required to present "substantial evidence that is 'specific and comprehensive enough to sever the potential connection between the disability and the work environment.'" Haw. Stevedores, Inc. v. Ogawa, 608 F.3d 642, 651 (9th Cir. 2010) (quoting Ramey v. Stevedoring Servs. of Am., 134 F.3d 954, 959 (9th Cir. 1998)); see also 33 U.S.C. § 920. We agree with the Board that Georgia-Pacific satisfied its burden of production. Dr. Hodgson's review of the noise studies combined with his interpretation of Schiessl's audiogram results sufficiently supported his conclusion that Schiessl ceased encountering injurious levels of occupational noise before his hearing loss qualified as an impairment under the Longshore and Harbor Workers Compensation Act. Taken as a whole, Dr. Hodgson's opinion "could satisfy a reasonable factfinder that [Schiessl's hearing loss] was not work-related." Ogawa, 608 F.3d at 651.

Moreover, the administrative law judge concluded after weighing all the evidence in the case that work-related noise did not contribute to Schiessl's hearing loss after December 1, 1999. "[H]is decision as to the weight of the evidence may not be disturbed by the court." See Schwirse v. Dir., Office of Workers' Comp. Programs, 736 F.3d 1165, 1172 (9th Cir. 2013) (quoting Del Vecchio v. Bowers, 296 U.S. 280, 287 (1935)).

This conclusion also distinguishes Schiessl's case from Port of Portland v. Dir., Office of Workers' Comp. Programs, 932 F.2d 836 (9th Cir. 1991). The claimant in Port of Portland introduced evidence that his occupational hearing loss combined with his age-related hearing loss to produce an impairment. Id. at 838-39. Schiessl, on the other hand, ceased encountering injurious levels of noise before his hearing loss qualified as an impairment. This is significant because "loss of hearing[] occurs simultaneously with the exposure to excessive noise[, and] the injury is complete when the exposure ceases." Bath Iron Works Corp. v. Dir., Office of Workers' Comp. Programs, 506 U.S. 153, 165 (1993). Thus, occupational noise no longer factored into Schiessl's hearing loss after December 1, 1999.

**PETITION DENIED.**