**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HELEN W. KOCHER, et al., | No. 12-71891 |
| Petitioner, | BRB No. 11-0533 |
| v. | |
| DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM, et al., BETHLEHEM STEEL CORP., ABERCROMBIE SIMMONS & GILLETTE OF FLORIDA, | MEMORANDUM* |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Submitted March 13, 2014**
San Francisco, California

Before: WALLACE, McKEOWN, and GOULD, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concluded this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner's husband was an employee of Bethlehem Steel Corporation, where he was exposed to asbestos fibers in the early 1940s. He was exposed to enough asbestos fibers that they could have caused asbestosis. He died on January 3, 2007 from complications related to coronary bypass and aortic valve replacement surgery. His widow, Helen Kocher, filed a death benefits claim against Bethlehem Steel and the other respondents under the Longshore and Harbor Workers' Compensation Act (Longshore Act). After a formal hearing, the administrative law judge (ALJ) dismissed the claim. Kocher appealed that decision to the Benefits Review Board (Board), which affirmed the ALJ. Kocher petitions for review from that order, arguing that the Board and ALJ's orders were not based on substantial evidence.[1] We have jurisdiction over her timely filed petition under 33 U.S.C. § 921(c), and deny the petition for review.

Although the burden of persuasion remains on the disability claimant throughout the administrative proceedings, we have a three-step process governing the burden of production for claims under the Longshore Act. *Hawaii Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 650-51 (9th Cir. 2010). Both the Board and ALJ

---

[1] Kocher made other arguments before the ALJ and the Board, including procedural and other due process arguments. She does not renew those arguments in her briefs, so we do not consider them. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

properly followed this legal standard. Kocher made a prima facie case that her husband suffered a harm, and that a workplace condition may have caused, aggravated or accelerated the harm. As a result, she benefitted from a statutory presumption in her favor that the injury was work-related and thus compensable. *See* 33 U.S.C. § 920(a); *Ogawa*, 608 F.3d at 650-51.

Second, Respondents offered "substantial evidence" before the ALJ that was "specific and comprehensive enough to sever the potential connection between the disability and the work environment." *Id.* at 651 (citation omitted). They offered, among other evidence, testimony from Dr. Revels Cayton, who testified that he believed "within 95 percent" that asbestosis did not contribute to the decedent's death. This constituted "evidence that could satisfy a reasonable factfinder that the claimant's injury was not work-related." *Id.* The production of this evidence meant that the "presumption in favor of the claimant 'falls out of the case.'" *Id.*

Once this presumption falls out of the case, "the ALJ moves to the third and final step of weighing the evidence as a whole to determine whether claimant has established the necessary causal link between the injury and employment." *Id.* (citation omitted). The ALJ had to "evaluate whether the claimant met his burden of persuasion by a preponderance of the evidence that the record as a whole justifies awarding benefits." *Schwirse v. Dir., Office of Workers' Compensation*

3

*Program*, 736 F.3d 1165, 1171 (9th Cir. 2013). The ALJ found in favor of Respondents. The Board had to accept those findings and affirm if they were supported by "substantial evidence in the record considered as a whole." *Id.*, *citing* 33 U.S.C. § 921(b)(3). We independently review the record to determine if the Board adhered to this standard. *Id.*

When the ALJ relies on witness credibility, we will interfere only where the credibility determinations conflict with the "clear preponderance of the evidence," or where the determinations are "inherently incredible or patently unreasonable." *Ogawa*, 608 F.3d at 648. Here, the ALJ made the credibility determination that Dr. Cayton was the most credible witness, and found one of Kocher's main witnesses equivocal and thus not as credible. We deny Kocher's petition because the ALJ's credibility determination about Dr. Cayton's testimony was not incredible, unreasonable, or in conflict with the preponderance of the other evidence. The ALJ carefully explained why the other evidence Kocher offered was unconvincing. Thus, there is substantial evidence in the record to support the ALJ's holding in favor of Respondents.

**PETITION DENIED.**