MEMORANDUM **
Ronald Compton petitions for review of a decision of the Benefits Review Board (“BRB”) upholding the administrative law judge’s (“ALJ”) decision denying Compton’s claim for benefits under the Long-shore and Harbor Workers’ Compensation Act, 33 U.S.C. §§ 901-950, as extended by the Defense Base Act, 42 U.S.C. §§ 1651—54. We have jurisdiction under 33 U.S.C. § 921(c). See Pearce v. Dir., Office of Workers’ Comp. Programs, U.S. Dep’t of Labor, 603 F.2d 763, 770 (9th Cir. 1979). We deny the petition.
1. The BRB correctly concluded that substantial evidence supports the ALJ’s determination that DynCorp rebutted the presumption of compensability. First, the “zone of special danger” doctrine is not relevant here because it governs whether an injury occurs in the course of employment, an issue not in dispute. See O’Leary v. Brown-Pac.-Maxon, 340 U.S. 504, 506, 71 S.Ct. 470, 95 L.Ed. 483 (1951). The issue here is whether Compton suffered injuries “arising out of’ that course of employment, which the “zone of special danger” doctrine does not answer. See id. Second, to rebut the presumption, Dyn-Corp was not required to provide evidence sufficient to “rule out” the possibility that Compton’s employment caused or aggravated his injuries. That standard is inconsistent with the statutory requirement that *553 the presumption be rebutted with “substantial evidence to the contrary.” 33 U.S.C. § 920; see also Schwirse v. Dir., Office of Workers’ Comp. Program, 736 F.3d 1165, 1172 (9th Cir. 2013).
Third, the testimony offeréd by DynCorp’s medical experts was substantial evidence that Compton’s heart failure resulted from a degenerative condition and was not caused or aggravated by his employment. DynCorp’s experts also presented substantial evidence that Compton’s rheumatoid arthritis was not caused by his employment. Though one of the experts recognized that stress, such as the stress Compton experienced in Afghanistan, could trigger episodes of arthritis, the expert concluded the stress had resolved. This is substantial evidence that any arthritic episode Compton experienced from stress in Afghanistan is no longer part of his injury and therefore cannot support his claim for benefits. See 33 U.S.C. § 903(a).
2. The BKB correctly concluded that substantial evidence supports the ALJ’s determination that, weighing the evidence as a whole, Compton’s heart condition and rheumatoid arthritis are not related to his employment and do not support a claim for benefits. See Haw. Stevedores, Inc. v. Ogawa, 608 F.3d 642, 648, 651 (9th Cir. 2010). The ALJ reasonably relied on the rebuttal medical evidence that indicated no causal relationship existed between Compton’s claimed injuries and his employment, and reasonably discounted the evidence suggesting otherwise.
When evaluating Compton’s heart condition, the ALJ reasonably discounted Dr. Goldberg’s opinion. Dr. Goldberg based his opinion on a lack of evidence regarding degeneration in Compton’s heart, yet the pathology report found myxoid degeneration. The ALJ reasonably found the analysis in the pathology report more rehable than the operative report, which was based only on a visual examination during surgery. The ALJ also reasonably found Compton’s testimony to be only modestly credible. Compton’s testimony often differed from the medical records, and various doctors questioned his ability to accurately recount medical histories.
When evaluating Compton’s rheumatoid arthritis, the ALJ reasonably discounted Dr. Vaz’s opinion because Dr. Vaz based his opinion on Compton’s own self-reports.
3. The BRB correctly concluded that the ALJ did not err by addressing Compton’s chronic obstructive pulmonary disease (“COPD”) as a symptom of Compton’s heart condition or rheumatoid arthritis, and not as an independent condition. Compton waived an independent claim for COPD. First, he did not identify COPD as a basis for his benefits claim in his initial application. Second, when the ALJ asked for clarification as to what injuries Compton alleged, he described COPD only as a related condition. Third, he did not brief COPD in any significant way before the ALJ, and his briefing framed it as a condition related to his heart condition.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.