**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY D. SCHWIRSE, | No. 11-73172 |
| Petitioner, | BRB No. 11-0119 |
| v. | |
| DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; et al., | MEMORANDUM[*] |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted October 9, 2012
Portland, Oregon

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

Gary Schwirse petitions for review of the decision of the Benefits Review

Board (BRB), affirming the denial by the administrative law judge (ALJ) of

Schwirse's claim for compensation under the Longshore and Harbor Workers'

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Compensation Act (LHWCA). We have jurisdiction under 33 U.S.C. § 921(c) and deny the petition for review.

1. Under 33 U.S.C. § 903(c), "[n]o compensation shall be payable if the injury was occasioned solely by the intoxication of the employee." Schwirse argues that the concrete and metal slab, upon which Schwirse fell, was the cause of his injury not his intoxication. We find no error in the BRB's interpretation of the term "injury" to mean the cause of the accident rather than the mechanism of the injury. "No special deference is accorded to the BRB's interpretation of the LHWCA, but reasonable interpretations are respected." *Van Skike v. Dir., OWCP*, 557 F.3d 1041, 1046 (9th Cir. 2009). Including the mechanism of the injury as a cause in addition to intoxication would render the intoxication exception "insignificant, if not wholly superfluous." *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001).

2. In considering a claim for disability benefits under the LHWCA, the BRB follows a three part standard of review. First, the claimant must show that he sustained an injury in the course and scope of his employment. *See Albina Engine v. Dir., OWCP*, 627 F.3d 1293, 1298 (9th Cir. 2010). Second, once an injury is established, a presumption arises that the injury was not occasioned solely by intoxication. *See* 33 U.S.C. § 920(c); *see also Albina Engine*, 627 F.3d at 1298. Therefore, the employer must present "substantial evidence" to rebut that

2

presumption. *See* 33 U.S.C. § 920; *see also Albina Engine*, 627 F.3d at 1298.

Substantial evidence is "more than a mere scintilla. It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951). Lastly, if the

employer successfully rebuts the presumption, the ALJ must then evaluate whether

the claimant met his burden of persuasion by a preponderance of the evidence that

the record as a whole justifies awarding benefits. *Albina Engine*, 627 F.3d at 1298.

The BRB must accept the ALJ's findings of fact if they are supported by

"substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3).

We "conduct an independent review of the administrative record to

determine whether the BRB adhered to this standard of review." *Van Skike*, 557

F.3d at 1045. Here, there is no dispute that Schwirse sustained an injury while at

work.

The record contains substantial evidence to support the ALJ's conclusion

that Schwirse's employer rebutted the presumption that intoxication was not the

sole cause of Schwirse's injury. As the BRB notes, the ALJ "found sufficient

evidence, in the form of the opinions of Drs. Burton and Jacobsen, the testimony of

Mr. Yockey, and photographs of the accident site . . . ." We further find no error in

the BRB's conclusion that Schwirse's employer does not have to "rule out" all

3

other possible causes of injury in order to rebut the presumption under 33 U.S.C. § 920(c). As noted by the BRB, the employer "need not negate every hypothetical cause." *Sheridon v. Petro-Drive, Inc.*, 18 BRBS 57, *3 (1986). Moreover, to require an employer to "rule out" all other possible causes would conflict with the statutory language and applicable standard of review.

Lastly, we find no error in the BRB's conclusion that the ALJ's decision to deny disability benefits was proper, because no other factor was supported by substantial evidence except that Schwirse's intoxication was responsible for his injury. The ALJ properly "weigh[ed] the evidence as a whole 'to determine whether [Schwirse had] established the necessary causal link between the injury and employment.'" *Hawaii Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 651 (9th Cir. 2010) (citation omitted).

**PETITION DENIED.**

4