NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES ZUMWALT; JEFFREY WINTER, | No. 18-72257 |
| Petitioners, | BRB No. 17-0048 |
| v. | MEMORANDUM* |
| NATIONAL STEEL AND SHIPBUILDING COMPANY; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, | |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Submitted December 5, 2019**
San Francisco, California

Before: GOULD and CALLAHAN, Circuit Judges, and BOUGH,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Stephen R. Bough, United States District Judge for the
Western District of Missouri, sitting by designation.

Jeffrey Winter, one of the attorneys for claimant Charles Zumwalt, petitions for review of the decisions of the Benefits Review Board ("Board") affirming the Administrative Law Judge's ("ALJ's") decisions on attorney's fees under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–50 ("the Act"). We have jurisdiction pursuant to 33 U.S.C. § 921(c). We review questions of law de novo, *Force v. Dir., OWCP*, 938 F.2d 981, 983 (9th Cir. 1991), and we review decisions by the Board for errors of law and adherence to the substantial evidence standard, *Albina Engine & Mach. v. Dir., OWCP*, 627 F.3d 1293, 1297 (9th Cir. 2010). We dismiss the petition in part and deny the petition in part.

In 2006 and 2007, Zumwalt filed a claim for benefits under the Act for work-related knee and psychological injuries. The ALJ awarded Zumwalt benefits. Upon the conclusion of the claim litigation, Zumwalt's attorneys, Winter and Kim L. Ellis, moved for an award of attorney's fees and costs under 33 U.S.C. § 928. The ALJ issued a decision awarding attorney's fees, which was filed in the office of the District Director and served on all parties on September 23, 2016. On October 6, 2016, Winter moved for reconsideration of the ALJ's decision. The ALJ denied the reconsideration motion as untimely under 20 C.F.R. § 802.206(b)(1), which provides a 10-day deadline to file a reconsideration motion. Winter then filed a petition for review to the Board challenging each of the ALJ's decisions on attorney's fees. The Board dismissed Winter's appeal as untimely,

and affirmed the ALJ's decision denying the reconsideration motion as untimely.

On May 26, 2017, Winter timely moved for reconsideration of the Board's decision with a suggestion for reconsideration *en banc*. The Board granted reconsideration and affirmed the dismissal of Winter's appeal as untimely in an *en banc* decision. On July 13, 2018, Winter timely moved for reconsideration again, now arguing, for the first time in the administrative proceedings, that the ALJ's decisions on attorney's fees were void under *Lucia v. SEC*, 138 S. Ct. 2044 (2018) because the ALJ was not duly appointed under the Appointments Clause of the United States Constitution. The Board denied Winter's second reconsideration motion.

Winter thereafter timely appealed both of the Board's decisions on reconsideration to this court.

On appeal, Winter contends that the ALJ's decisions on attorney's fees should be vacated pursuant to *Lucia v. SEC*, 138 S. Ct. 2044 (2018). We do not reach this issue. The Department of Labor regulations expressly require a petitioner to raise all issues for appeal in "a petition [for] review to the Board." 20 C.F.R. § 802.211(a). Because Winter did not raise this argument in his petition for review to the Board, he has forfeited the issue on appeal. *See United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952) ("[O]rderly procedure and good administration require that objections to the proceedings of an administrative

3                                                                 18-72257

agency be made while it has opportunity for correction in order to raise issues reviewable by the courts."); *see also Island Creek Coal Co. v. Bryan*, 937 F.3d 738, 750-51 (6th Cir. 2019) (holding that claimants forfeited the Appointments Clause claim under the Black Lungs Benefits Act when they raised it before the Board for the first time in a reconsideration motion). We do not make an exception here because there are no exceptional circumstances that would warrant review of this appeal. *Marathon Oil Co. v. United States*, 807 F.2d 759, 768 (9th Cir. 1986). We do not consider Winter's argument that this court should excuse his forfeiture of the Appointments Clause claim due to excusable neglect because he raised this argument for the first time in the reply brief. *Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012).

Winter also contends that the ALJ erred in denying his motion for reconsideration as untimely because his motion was timely filed under the ALJ's own regulations governing the filing of reconsideration motions, 29 C.F.R. §§ 18.32(c), 18.93, which add three additional days for mail service to the 10-day deadline to file a reconsideration motion. We disagree. The ALJ properly concluded that Board regulations, including 20 C.F.R. § 802.206, govern the deadline to file a reconsideration motion, which do not authorize a party to add additional days for mail service to a deadline. *See* 29 C.F.R. § 18.10(a) (ALJ regulation providing that "[i]f a specific Department of Labor regulation governs a

proceeding" the DOL regulation applies and the ALJ's regulations only "apply to situations not addressed in the governing regulation"); 20 C.F.R. § 802.206(a), (b)(1) (Board regulation providing "[i]n a case involving a claim filed under [the Act] . . . , a timely motion for reconsideration for purposes of [tolling the time to file a notice of appeal to the Board] is one which is filed not later than 10 days from the date the decision or order was filed in the Office of the Deputy Commissioner."). Contrary to Winter's contention, *Galle v. Director, OWCP*, 246 F.3d 440 (5th Cir. 2001) does not compel a different result.

**PETITION DISMISSED IN PART AND DENIED IN PART; ORDERS OF THE BOARD AFFIRMED.**