**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL CALABRESE,<br><br>Petitioner,<br><br>v.<br><br>BAE SYSTEMS HAWAII SHIPYARDS;<br>DIRECTOR, OFFICE OF WORKERS'<br>COMPENSATION PROGRAMS,<br><br>Respondents. | No. 18-72644<br><br>BRB No. 18-0155<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted February 4, 2020
Honolulu, Hawaii

Before: FARRIS, McKEOWN, and BADE, Circuit Judges.

Petitioner Michael Calabrese seeks review of a Benefits Review Board

("Board") order affirming an administrative law judge's ("ALJ") denial of his

claim for benefits under the Longshore and Harbor Workers' Compensation Act,

33 U.S.C. §§ 901–50 (the "Act"). Calabrese alleges that he aggravated an

underlying hip condition at work, resulting in his permanent disability. We have

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 33 U.S.C. § 921(c), and we deny the petition.

The Board "must accept the ALJ's findings unless they are contrary to the law, irrational, or unsupported by substantial evidence." *Rhine v. Stevedoring Servs. of Am.*, 596 F.3d 1161, 1163 (9th Cir. 2010) (citation and quotation marks omitted). We, in turn, "review the Board's decision for errors of law and adherence to the substantial evidence standard, and we may affirm on any basis contained in the record." *Alcala v. Dir., Office of Workers Comp. Progs.*, 141 F.3d 942, 944 (9th Cir. 1998) (citation and quotation marks omitted).

1. Because Respondents concede that Calabrese established a prima facie entitlement to benefits, they must rebut the statutory presumption of causation "by presenting substantial evidence that is 'specific and comprehensive enough to sever the potential connection between the disability and the work environment.'" *Haw. Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 651 (9th Cir. 2010) (quoting *Ramey v. Stevedoring Servs. of Am.*, 134 F.3d 954, 959 (9th Cir. 1998)). Calabrese argues that the Board and ALJ each erred at this step of their analysis. Specifically, Calabrese contends that both the Board and ALJ failed to acknowledge his hip pain as an "aggravation" of his bilateral avascular necrosis, and thus, as a compensable injury under the Act. We disagree.

Employers are "liable for employment conditions that cause an injury or aggravate or accelerate a pre-existing condition." *Id.* at 650. Here, however,

2

Respondents' medical expert testified that Calabrese's working conditions—*e.g.*, his frequent climbing of stairs and ladders—did not cause either his avascular necrosis or the collapse of the femoral head of his hip. The expert further opined that, following the collapse of the femoral head, Calabrese would experience pain regardless of his activity, whether at work or laying in a bed. Taken as a whole, this testimony constitutes substantial evidence supporting the conclusion that Calabrese's employment did not cause his disability.

We are unpersuaded by Calabrese's reliance on *Kelaita v. Director, Office of Workers' Compensation Programs*, 799 F.2d 1308 (9th Cir. 1986), which he argues holds that an aggravation of a prior condition occurs whenever the employee experiences pain at work. But *Kelaita* lacks any discussion of the medical evidence at issue that this court might compare to the expert testimony presented in this case. Thus, we do not read *Kelaita* to stand for the proposition that instances of pain necessarily equate to an aggravation of an earlier injury or condition. In contrast, we have distinguished between the "aggravation" of a pre-existing condition and its "natural progression," as Respondents' expert testified occurred to Calabrese. *See Metro. Stevedore Co. v. Crescent Wharf & Warehouse Co.*, 339 F.3d 1102, 1104–05 (9th Cir. 2003).

Calabrese's reliance on out-of-circuit precedent does not compel a different conclusion. The cases cited by Calabrese address either a different posture of an

ALJ's analysis or medical evidence distinguishable from that offered by Respondents. *See, e.g.*, *Bath Iron Works Corp. v. Fields*, 599 F.3d 47 (1st Cir. 2010); *Bath Iron Works Corp. v. Preston*, 380 F.3d 597 (1st Cir. 2004); *Am. Stevedoring Ltd. v. Marinelli*, 248 F.3d 54 (2d Cir. 2001). Accordingly, the Board correctly found that substantial evidence supported the ALJ's determination that Respondents rebutted the presumption of causation.

2. After an employer rebuts the presumption of causation, the ALJ must determine whether the claimant established an entitlement to benefits by a preponderance of the evidence. *Albina Engine & Mach. v. Dir., Office of Workers' Comp. Progs.*, 627 F.3d 1293, 1298 (9th Cir. 2010). The Board, however, affirmed the ALJ's findings because Calabrese offered no argument before the Board that the ALJ erred by crediting Respondents' medical experts over Calabrese's own expert. We deem the issue waived because Calabrese does not argue that the Board's determination was erroneous in this respect. *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1213 (9th Cir. 2017).

**PETITION DENIED.**

4